**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

United States Courts
Southern District of Texas
ENTERED

MAY 3 0 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ERNEST GUZMAN and KENNETH BANKS, Individually and in Behalf of Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| versus | § § | CIVIL ACTION NO. H-01-4000 |
| VARCO INTERNATIONAL, INC., *et al.*, | § § | |
| Defendants. | § § | |

## O R D E R

Pending before the Court is the Plaintiffs' motion for notice. **(Instrument No. 17)**. Having considered the parties' submissions and the applicable law, the Court finds that the motion is **GRANTED**.

### I.

Plaintiffs Ernest Guzman and Kenneth Banks (collectively "Plaintiffs"), in behalf of themselves and others similarly situated, bring this putative collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") against Defendants Varco International, Inc.; Tuboscope Vetco International L.P.; and Best Industries, Inc., doing business as, Varco BJ Oil Tools (collectively "Defendants") alleging failure to compensate for overtime hours worked. (Instrument No. 1).

The Plaintiffs seek permission to notice potential class members in their collective action in a motion filed on February 6, 2002. (Instrument No. 17). They allege that the Defendants failed to pay them for all the overtime hours they worked in excess of 40 hours per week. (Instrument No. 1, at 4). Additionally, the Plaintiffs argue that the Defendants did not maintain accurate records of their work hours, which resulted in insufficient compensation. The Plaintiffs request discovery of



persons who were employed as service technicians during the time period of February 6, 1999, until the present.

On February 26, 2002, the Defendants responded to the Plaintiffs' motion. (Instrument No. 21). The Defendants argue that notice should not be authorized by the Court because the Plaintiffs' lawsuit is not a proper collective action. (Instrument No. 21, 11-14). The Defendants' arguments, which need not be addressed on the instant motion as they are premature, assert that, in essence, the Court should bypass the discovery period and proceed to consider whether the Plaintiffs' putative collective action should be allowed for trial. (*Id.*).

With respect to the Plaintiffs' specific request for notice, the Defendants contend that the notice request is overbroad because it "pulls in numerous Service Technicians that were paid under very different sets of practices." (*Id.* at 16). According to the Defendants, the various service technicians in the Defendants' subsidiaries are paid differently. Even assuming notice should be granted, the Defendants represent, the Plaintiffs should not be provided the identities of the potential class members. (*Id.* at 17). Rather, the Defendants contend that they should provide notice on behalf of the Plaintiffs because "Service Technicians who are not interested in joining the case or obtaining additional information after receiving the neutral notice will not be subjected to additional attorney solicitation." (*Id.*).

## II.

The FLSA permits "collective actions" for violations of the federal minimum wage law. 29 U.S.C. § 216(b). Section 216(b) authorizes a plaintiff to file a lawsuit in behalf of himself and "other employees *similarly situated*." *Id.* (emphasis added). However, the statute also states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to

become such a party and such consent is filed in the court in which such action is brought." *Id.*

Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under §

216(b) provides for an opt-in, not an opt-out, procedure. *See Mooney v. Aramco Servs. Co.*, 54 F.3d

1207, 1212 (5th Cir. 1995). Thus, if employees do not file a written consent, "they are not bound

by the outcome of the collective action and may bring a subsequent private action." *Ballaris v.*

*Wacker Siltronic Corp.*, No. 00-1627-KI, 2001 WL 1335809, at *1 (D. Or. Aug. 24, 2001) (citing

*EEOC v. Pan Am. Work Airways, Inc.*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990)).

      The various federal courts are not in uniform agreement regarding the certification procedure

for putative collective actions under § 216(b). *See Mooney*, 54 F.3d at 1213. However, two

approaches have become most favored. In the first line of cases, as typified by *Shushan v. University*

*of Colo.*, 132 F.R.D. 263 (D. Colo. 1990), the § 216(b) collection action is viewed as coextensive

with the class action under Federal Rule of Civil Procedure 23. *See Mooney*, 54 F.3d at 1214. That

is, the court looks at the numerosity, commonality, typicality, and adequacy of representation factors

under Rule 23 in assessing whether a collective action should be certified. Although the collective

action differs from a class action in its opt-in requirement, *Shushan* ruled that "the person who

merely files his written consent should not be expected fully to appreciate actual or potential

conflicts between himself and the class representatives or counsel for the class representatives." 132

F.R.D. at 267.

      The second line of cases is exemplified by *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.

1987), *vacated in part and modified in part*, 122 F.R.D. 463 (D.N.J. 1988). Under this approach,

the trial court uses a two-step analysis. *See Mooney*, 54 F.3d at 1213. The first determination is

made at the notice stage. The district court decides, "usually based only on the pleadings and any

3

affidavits which have been submitted," whether notice should be given to potential plaintiffs. *Id.* at 1214. This decision "is made using a fairly lenient standard" and typically results in a conditional certification. *Id.* Although § 216(b) does not specifically provide for a notice procedure to potential class members, the Supreme Court has held that the district courts have discretion to facilitate notice under that statute. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The second determination in the *Lusardi* line is often made upon a motion for decertification by the defendant when "discovery is largely complete and the matter is ready for trial." *Id.* It is here that the district court decides whether the plaintiffs are "similarly situated" or not. After discovery is largely complete, "the court has much more information on which to base its decision[.]" *Mooney*, 54 F.3d at 1214.

Although the Fifth Circuit has yet to rule upon which procedural method applies,[1] the Court finds that the inherent differences between collective actions under § 216(b) and class actions under Rule 23 warrant the approach adopted by *Lusardi* and its progeny. *See Thiebes v. Wal-Mart Stores, Inc.*, No. 98-802-KI, 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999) (holding that "[t]he procedural protections of [Rule] 23 are generally not necessary for a § 216(b) class action because of that statute's opt-in requirement"); *see also Ballaris*, 2001 WL 1335809, at *1 (discussing cases that "have held that the full extent of procedural restrictions that apply to class actions, pursuant to [Rule] 23, do not apply to certification of a class under Section 216(b) of FLSA"); *Foster v. Food Emporium*, No. 99 CIV 3860 CM, 2000 WL 1737858, at *1 (S.D.N.Y. April 26, 2000) (ruling that "[t]he strict requirements of Rule 23 ... do not apply to FLSA 'collective actions,' and thus no

---

[1] In *Mooney*, Judge Lynn Hughes of this District adopted the *Lusardi* procedure, the merits of which the Fifth Circuit declined to assess. 54 F.3d at 1214.

showing of numerosity, typicality, commonality and representativeness need be made").

The cases dealing with claims under § 216(b) do not directly address the meaning of "similarly situated," which the FLSA also neglects to define. At the very least, however, there must be a "factual nexus between the [named plaintiff's] situation and the situation of the other current and former [employees]." *Foster*, 2000 WL 1737858, at *1 (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997)). Under the *Lusardi* procedure, the first determination that the Court makes in its "similarly situated" analysis is at the notice stage. That is, based on the pleadings and any affidavits which have been offered, the Court decides whether notice should be given to potential class members. *See Mooney*, 54 F.3d at 1214. It is a fairly lenient standard and the result is typically conditional certification of a representative class. *Id.* The plaintiffs bear the burden of establishing that "they are similarly situated[.]" *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1139 n.6 (D. Nev. 1999) (citing *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 361 (M.D. Ala. 1999)).

In this case, the Plaintiffs argue that service technicians employed by the Defendants are not paid overtime for work performed in excess of 40 hours per week. (Instrument No. 1, at 1). Additionally, the Plaintiffs allege, the Defendants have not paid their service technicians "for all hours worked." (*Id.*). In support of their motion for notice, the Plaintiffs offer three affidavits of service technicians, each of whom claim that the Defendants failed to pay them overtime for hours worked in excess of eight per day. The named plaintiff and two opt-in plaintiffs claim that they are eligible to be paid overtime in the amount of one and one-half times their regular rates, but that their overtime hours were often adjusted downward by supervisors. There are sufficient allegations warranting notice to potential plaintiffs similarly situated. Because the scope of the class will only

5

become more clear after discovery and the amount of opt-in responses, the Court's consideration of the second factor in the *Lusardi* test, the substance of which is raised in the Defendants' response, is premature at this point.

Thus, the Court finds that the Plaintiffs' motion for notice should be **GRANTED**. The Plaintiffs are authorized to notice potential class members who were service technicians in the same division as the named Plaintiffs. The Defendants shall provide the Plaintiffs with the list of applicable potential class members dating from February 6, 1999, until the present within ten days of the date of this Order.

### III.

Based on the foregoing, the Plaintiffs' motion (**Instrument No. 17**) is **GRANTED**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the _____ day of May, 2002, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**